**Order entered June 12, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01317-CV

## THE ESTATE OF MAX D. HOPPER, DECEASED

**On Appeal from the Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. PR-11-03238-1**

## ORDER

On May 1, 2019, on the parties' agreed motion stating the reporter's record was deficient, we struck the record that had been filed April 16, 2019 and ordered court reporter Jackie Galindo to file "a corrected reporter's record that includes (1) a transcript of the trial, including a transcript of all video and audio clips played at trial; (2) a transcript of all pre-trial and post-trial hearings; (3) the pre-admitted trial exhibits; and, (4) the supplemental exhibits consisting of the transcripts of the video testimony presented to the jury." Ms. Galindo filed a forty-five-volume record on May 31, 2019 and a twenty-five volume supplemental record, along with an "affidavit of compliance," on June 3, 2019. On June 6, 2019, appellant filed a letter asserting the record is still deficient. Specifically, appellant asserts the record does not include a transcript of all video and audio clips played at trial, the supplemental exhibits consisting of the transcripts of the video

testimony presented to the jury,[1] and, the testimony and evidence presented to the jury on September 21, 2017.

Texas Rule of Appellate Procedure 34.6 provides procedures for addressing concerns with the reporter's record. *See* TEX. R. APP. P. 34.6. Pursuant to that rule, we **ORDER** the trial court to conduct a hearing, no later than July 12, 2019, to determine if the record is incomplete. If the trial court determines the record is incomplete, the court should next determine whether the omitted portion has been lost or destroyed. If the omitted portion has not been lost or destroyed, the court should determine why that portion is not included in the record. If the omitted portion has been lost or destroyed, the court should determine what role, if any, the parties may have had in that portion of the record being lost or destroyed, whether the portion that has been lost or destroyed is necessary to the appeal's resolution, and whether the portion that has been lost or destroyed can be replaced. The trial court shall make its findings in writing and have them filed in a supplemental clerk's record no later than July 22, 2019. A supplemental reporter's record of the hearing shall also be filed no later than July 22, 2019.

We **DIRECT** the Clerk of the Court to send a copy of this order to the Honorable Brenda Hull Thompson, Presiding Judge of Dallas County Probate Court No. 1; Dallas County Clerk John F. Warren; Ms. Galindo; and, the parties.

We **ABATE** the appeal to allow the trial court an opportunity to conduct the hearing. The appeal will be reinstated no later than July 24, 2019.

/s/    KEN MOLBERG
          JUSTICE

---

[1] A second supplemental reporter's record was filed June 10, 2019 containing what appears to be the transcripts of the video testimony presented to the jury.